UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE NELSON,

       Plaintiff,

v.

DANA NESSEL,
KYM WORTHY, and
MIKE DUGGAN,

       Defendants.
_____/

Civil Case Number: 22-10799
Honorable Linda V. Parker

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

This matter is before the Court on Michigan state prisoner Wayne Nelson's pro se civil rights Complaint filed under 42 U.S.C. § 1983. Nelson is serving a life sentence for a first-degree murder conviction. Nelson alleges that his constitutional rights were violated during his state criminal proceedings. He names three defendants: Attorney General Dana Nessel, Wayne County Prosecutor Kym Worthy, and Detroit Mayor Mike Duggan. He has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

**I.  Legal Standard**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A

pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  Discussion

Nelson's threadbare Complaint contains vague and fragmentary allegations. As best the Court can discern, Nelson appears to challenge the fairness of the criminal proceedings leading to his state court conviction.  He claims that Defendants were deliberately indifferent "to the protection of the law" in violation of due process and equal protection.  (ECF No. 1 at Pg ID 2.)  The violations allegedly arose from the denial of criminal trial court records and the "failure to protect [him] from legal malpractice, and safety from legal malpractice" during his 1983 criminal trial.  (*Id.*)

Nelson's allegations that his conviction was obtained unlawfully are barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  In *Heck*, the Supreme Court held that a prisoner could not raise claims in a civil rights action if a judgment on those claims would invalidate his conviction, sentence, or continued confinement unless the conviction or sentence has been set aside. *Id*. "[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its

duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Nelson attacks the fairness of the state-court criminal proceeding which resulted in his present confinement. If he were to prevail in this action, his continued confinement would be called into question. Consequently, *Heck* bars his claims and they must be dismissed.

To the extent Nelson attempts to assert separate or additional claims in the final paragraph of his Complaint, he fails to state a claim. In this final paragraph, which consists only of a single, incomplete sentence, Nelson states:

> That the breach of contract under procedures, statutes, and administrative rules and that negligence, gross negligence, infliction of employee violation done by infliction of emotional distress and cruel and unusual punishment committed by the Defendants.

(ECF No. 1 at Pg ID 3.)

This list of alleged violations "devoid of 'further factual enhancement'" fails to state a claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III.  Order

For these reasons, the Court concludes that Nelson's Complaint fails to state a claim.

Accordingly,

**IT IS ORDERED** that the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2). This dismissal is without prejudice. *See Ernst v. Rising*, 427 F.3d

4

351, 367 (6th Cir. 2005) (en banc) (a dismissal under *Heck* "should generally be made without prejudice").

**IT IS FURTHER ORDERED** that Nelson may not proceed on appeal in forma pauperis because any appeal in this matter would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 23, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 23, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager